IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 18, 2008

Charles R. Fulbruge III
Clerk

No. 06-31081
Summary Calendar

EDDIE J. ARMANT

Plaintiff-Appellant

V.

RICHARD STALDER; C. M. LENSING; ROBERT ABEL; HEGMANN,
Doctor; IRRA, Doctor

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:05-CV-1058

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eddie J. Armant, Louisiana prisoner # 150261, filed a 42 U.S.C. § 1983
complaint against Richard L. Stalder, the Secretary of the Department of Public
Safety and Corrections; C. M. Lensing, the Warden of Elayn Hunt Correctional
Center; Robert Abel, the Assistant Warden; Dr. Michael Hegmann; and Dr.
Theodore Irra.  Armant alleged that Dr. Irra was deliberately indifferent to his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

serious medical needs by modifying his medical duty status,[1] and that Stalder, Lensing, Abel, and Hegmann were aware of his administrative grievance concerning the modification of his duty status but failed to investigate Armant's complaint and grant him relief.

The district court adopted the magistrate judge's recommendations as to all the defendants, first dismissing with prejudice Armant's claims against Stalder, Lensing, Abel, and Hegmann for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and then granting summary judgment in favor of Dr. Irra. Armant appeals both of these orders.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "A prison official acts with deliberate indifference 'only if . . . he knows that the inmate faces a substantial risk of serious bodily harm and . . . he disregards that risk by failing to take reasonable measures to abate it.'" Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 847 (1970)). "[I]f a prison official assign[s] an inmate to work detail . . . know[ing] that such an assignment could exacerbate a serious physical ailment, then such a decision could constitute deliberate indifference" in violation of the Eighth Amendment. Mendoza v. Lynaugh, 989 F.2d 191, 194 (5th Cir. 1993).

We first address the district court's dismissal of Armant's claims against Stalder, Lensing, Abel, and Hegmann. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). Dismissal is proper if, assuming all pleaded facts

---

[1]A "duty status" is a written designation assigned by a prison medical doctor indicating an inmate's physical or mental ability to perform hard labor in accordance with his sentence. Duty statuses are generally assigned by physicians following a medical evaluation, and they are subject to change depending on changes in the medical condition of a particular inmate. Duty statuses may range from no duty (indicating a need for bed rest), to light duty or regular duty with restrictions, and finally to regular duty without restrictions (indicating the inmate is capable of performing any and all hard labor).

are true, "the plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). We must liberally construe the complaint and draw all reasonable inferences in the light most favorable to the plaintiff. Id. Although we hold pro se complaints to less stringent standards, conclusory allegations or legal conclusions are insufficient to prevent a motion to dismiss. Id.

We hold that Armant has failed to show that the district court erred in dismissing his complaints against Stalder, Lensing, Abel, and Hegmann. In his brief, Armant does not point to any factual allegations of his complaint that establish the personal involvement of these defendants.[2] See United States ex rel. Farmer v. City of Houston, 523 F.3d 333, 345 (5th Cir. 2008) (noting that this court is not required to search the record to find a legal and factual basis for an issue). Armant has not suggested that Stalder, Lensing, Abel, and Hegmann were responsible in any manner for the creation or implementation of any prison policy that was "the moving force of a constitutional violation." See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987) ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights and is the moving force of a constitutional violation.'" (quoting Grandstaff v. City of Borger, 767 F.2d 161, 169 (5th Cir. 1985))). Thus, Armant's claim fails to raise a constitutional issue. See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). Accordingly, we affirm the district court's dismissal of Armant's claims against Stalder, Lensing, Abel, and Hegmann.

Turning to Armant's claims against Dr. Irra, we review de novo the district

---

[2]In Armant's original complaint, he alleged that Stalder, Lensing, Abel, and Hegmann violated his rights under the Eighth Amendment when they were aware of but chose to ignore the improper modification of his duty status. On appeal, Armant raises as an issue that "defendants" violated his Eighth Amendment rights, but he never mentions by name Stalder, Lensing, or Abel in those sections, and he only briefly discusses Hegmann's review of his medical status.

court's grant of summary judgment. Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Summary judgment is proper when the pleadings, depositions, admissions, answers to interrogatories, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Hannah, 523 F.3d at 601. Once the moving party satisfies its initial burden of demonstrating that no material fact issue exists, the burden shifts to the nonmovant. Forsyth v. Barr, 19 F.3d 1527, 1533 (5th Cir. 1994). The nonmovant must point to specific facts showing a genuine issue for trial. FED. R. CIV. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Forsyth, 19 F.3d at 1533. This court draws all inferences in the light most favorable to the nonmoving party. Hannah, 523 F.3d at 601.

We agree with Armant that the district court erred when it granted summary judgment in favor of Dr. Irra. At the time of summary judgment, the district court had evidence from the Commissioner's prior proceeding calling into question the constitutionality of Armant's modified duty status. Specifically, Armant presented the district court with: (1) the Commissioner's recounting of Dr. David Morrill's testimony that he could discern "no objective findings" or reasons in the medical records as to why Armant's duty status was modified; (2) the Commissioner's holding that the decision to remove Armant's duty status restrictions was "arbitrary, manifestly erroneous, and bordered on a violation of cruel and unusual punishment;" and (3) the state court judgment adopting the Commissioner's Report. This evidence was sufficient to create a genuine issue of material fact precluding summary judgment in favor of Dr. Irra.

Accordingly, we affirm the district court's dismissal of Armant's claims against Stalder, Lensing, Abel, and Hegmann. The district court's grant of summary judgment for Dr. Irra is reversed, and Armant's claim as it pertains to Dr. Irra is remanded for further proceedings. We express no opinion on the ultimate outcome of those proceedings.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.