# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

No. 10-30421
Summary Calendar

Lyle W. Cayce
Clerk

ANTONIO TYSON,

Plaintiff-Appellant

v.

ROBERT C. TANNER, Warden, Rayburn Correctional Center; JAMES LEBLANC, Secretary; UNIDENTIFIED PARTIES,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-132

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Antonio Tyson, Louisiana prisoner # 331834, appeals the dismissal of his 42 U.S.C. § 1983 complaint. In the district court, Tyson argued that (1) the retroactive application of LA. REV. STAT. ANN. 15:571.4(B)(4) violates the Ex Post Facto and Contract Clauses of the Louisiana and federal constitutions; (2) the application of LA. REV. STAT. ANN. 15:1186(B)(2) to his state suit violates his rights to due process, equal protection, and access to the courts under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Louisiana and federal constitutions; (3) "Various Disciplinary Boards" denied him due process in the prison disciplinary proceedings that resulted in the forfeiture of good time credit, and (4) the defendants failed to respond to grievances complaining of constitutional violations by their employees. For the first time on appeal, Tyson argues that Louisiana's statutory scheme regarding good time credit constitutes an unconstitutional delegation of legislative authority to the executive branch in violation of the separation of powers doctrine under the Louisiana and federal constitutions.

The district court correctly determined that Tyson's claims for relief based on the retroactive application of LA. REV. STAT. ANN. 15:571.4(B)(4) are not cognizable in a § 1983 action until the relevant convictions have been reversed. A favorable determination on the constitutional issue would necessarily demonstrate the invalidity of the prior forfeitures of good time credit. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998).

Tyson does not challenge the district court's determination that he failed to name a proper defendant with respect to his constitutional challenge to LA. REV. STAT. ANN. 15:1186(B)(2). Although we have remanded a § 1983 case to allow a plaintiff to add a proper defendant if the issue is first raised on appeal, Tyson had an opportunity to amend his complaint after the magistrate judge determined that his complaint lacked a proper defendant. Tyson did not add a proper defendant and does not argue on appeal that he should be given another opportunity to do so. To the contrary, Tyson does not challenge the district court's determination that he failed to name a proper defendant, waiving consideration of this issue. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Tyson does not challenge the district court's determination that "Various Disciplinary Boards" is not a proper defendant with respect to his claims that he

No. 10-30421

was denied him due process in the prison disciplinary proceedings.  Tyson also does not challenge the district court's determination that he failed to state a claim against the other defendants for failing to correct various defects in the disciplinary proceedings.  Therefore, Tyson has waived consideration of whether these claims were properly dismissed.  *See Yohey*, 985 F.2d at 225; *Brinkmann*, 813 F.2d at 748.

We decline to consider Tyson's separation of powers claim because it is raised for the first time on appeal.  *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.  Tyson's motion for appointment of counsel is DENIED.  *See Schwander v. Blackburn*, 750 F.2d 494, 502-03 (5th Cir. 1985).

Tyson is warned that the district court's dismissal of his action as frivolous and for failure to state a claim counts as one strike under 28 U.S.C. § 1915(g).  Tyson is cautioned that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996); § 1915(g).

3