IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2008

Charles R. Fulbruge III
Clerk

No. 06-11091

GERALD W. HANNAH,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
FEDERAL BUREAU OF PRISONS;
WARDEN LESTER FLEMING;
JOHN MILLS, D.O., Federal Medical Center Fort Worth;
DR. JOHN BARRY, Medical Officer;
GEORGE SALTZBERG,
Clinical Director, Federal Correctional Institute Sheridan,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before SMITH and PRADO, Circuit Judges, and LUDLUM, District Judge.[*]

JERRY E. SMITH, Circuit Judge:


Gerald Hannah, a federal pro se prisoner, appeals the summary-judgment dismissal of his Federal Tort Claims Act ("FTCA") suit. He alleges negligence arising from the treatment he received while suffering from Methicillin-Resistant Staphylococcus Aureas ("MRSA"), a sinus infection. We affirm.


I.

Hannah filed a civil rights suit, pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), against the United States and a number of individuals involved in his medical treatment, alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. The district court determined that he had failed to state a claim for deliberate indifference and dismissed his civil rights claim. To the extent he raised an FTCA claim for medical malpractice, the court dismissed the claim without prejudice for failure to exhaust administrative remedies.

Following exhaustion of administrative remedies, Hannah filed his current pro se complaint under the FTCA, alleging medical malpractice and naming as defendants the United States, the Federal Bureau of Prisons ("BOP"), his warden, and a number of doctors involved in treating his MRSA. The same district court that dismissed his § 1983 claim entered an order dismissing the FTCA claims against the warden and doctors pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The court also dismissed the claims against the BOP as an improper party to an FTCA suit and allowed only the FTCA claims against the United States to proceed. The court issued a scheduling order that set a deadline for Hannah to name his expert witnesses.

---

[*] District Judge of the Western District of Texas, sitting by designation.

After the deadline had passed, Hannah filed a motion for the appointment of an expert, asserting that he was a pauper. The district court denied the request. The United States moved for summary judgment, asserting that it was entitled to judgment as a matter of law because Hannah could not prove the necessary elements of his claim without expert testimony.

The summary judgment evidence showed that Hannah was evaluated and treated regularly by medical personnel, including specialists. The treatments involved rounds of antibiotics and sinus surgeries. The court concluded that Hannah was not entitled to a court-appointed expert merely to help him prove his claim; that Texas state law provided the standard of care; and that under Texas law, without proof from an expert, Hannah could not create a material issue of fact as to whether his treatment fell below the necessary standard of care. Hannah appeals the summary judgment and the refusal to appoint an expert.[1]

## II.

Hannah argues that the district court should have appointed an expert witness for him under Federal Rule of Evidence 706. We review the denial of such a motion for abuse of discretion. See Fugitt v. Jones, 549 F.2d 1001, 1006

---

[1] Hannah has waived a number of arguments on appeal. He failed to brief his argument, raised in the district court, that 18 U.S.C. § 4042 provides the applicable standard of care. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (noting that even pro se appellants must brief arguments to avoid waiving them). Hannah argues in his reply brief that the district court erred in failing to appoint counsel. By failing to raise the argument in his initial brief, he has waived it. Id. at 225. Also, he mentions the term "deliberate indifference" and cites to deliberate indifference cases. To the extent he attempts to raise a separate constitutional claim of deliberate indifference, we do not consider it, because it was not raised in the district court with respect to the orders now before the court. See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc. 200 F.3d 307, 316-17 (5th Cir. 2000) (noting that arguments raised for the first time on appeal will not be considered).

(5th Cir. 1977). Rule 706 contemplates the appointment of an expert to aid the court. See CHRISTOPHER B. MUELLER & LAIRD C. KIRKPATRICK, 3 FEDERAL EVIDENCE §§ 7:25, 7:26 (3d ed. 2007). Hannah seeks an expert for his own benefit.

Further, Hannah did not move for appointment of an expert until after the deadline for disclosure of experts, did not move to extend the deadline, and did not invoke rule 706 in his motion. He did not mention rule 706 until his response to the motion for summary judgment. Despite this, the district court considered the request and provided a reasoned denial. Under these circumstances, the court did not abuse the discretion afforded under rule 706. See Pedraza v. Jones, 71 F.3d 194, 197 n.5 (5th Cir. 1995); see also Gaviria v. Reynolds, 476 F.3d 940, 945-46 (D.C. Cir.), cert. denied, 128 S. Ct. 240 (2007).[2]

Construing Hannah's brief liberally, we glean that he also urges that the district court erred in denying him an appointed expert under 28 U.S.C. § 1915. That argument is foreclosed by our precedent, which recognizes that "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant." Pedraza, 71 F.3d at 196.

## III.

We turn now to the summary judgment, which we review de novo. Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judg-

---

[2] Hannah points to cases from other circuits that have found that a district court may exercise its discretion under rule 706 to appoint an expert to an indigent party and to have the fees for that expert born entirely by one party. See, e.g., Ledford v. Sullivan, 105 F.3d 354, 361 (7th Cir. 1997); McKinney v. Anderson , 924 F.2d 1500, 1511 (9th Cir. 1991) vacated on other grounds sub nom. Heiling v. McKinney, 502 U.S. 903 (1991); Webster v. Sowders, 846 F.2d 1032, 1038-39 (6th Cir. 1988); U.S. Marshals Serv. v. Means, 741 F.2d 1053, 1057-58 (8th Cir. 1984). These cases do not suggest that a district court can be compelled to act under rule 706 or that the district court in this case abused its discretion in denying an expert. Cf. Means, 741 F.2d at 1059 (noting that district court should appoint an expert to aid an indigent party only in "compelling circumstances").

ment is appropriate where, considering all the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.

The FTCA authorizes civil actions for damages against the United States for personal injury or death caused by the negligence of a government employee under circumstances in which a private person would be liable under the law of the state in which the negligent act or omission occurred. 28 U.S.C. §§ 1346-(b)(1), 2674. State law controls liability for medical malpractice under the FTCA. Ayers v. United States, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

Under Texas law, in a medical malpractice action, the plaintiff bears the burden of proving (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation. Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003). The plaintiff must establish the standard of care as a threshold issue before the factfinder may consider whether the defendant breached that standard of care to the extent it constituted negligence. Id. "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet the plaintiff's burden of proof. Hood v. Phillips, 554 S.W.2d 160, 165-66 (Tex. 1977).

Hannah contends that any layperson could discern that the standard of care was not met in his case, where, during the course of his year-long treatment, the MRSA infection spread. That contention is belied by Hannah's descriptions of his treatment, which included antibiotics and surgeries. Because the mode of treatment for MRSA is not a matter of common knowledge or within the general experience of a layman, Hannah was required to present expert testimony to establish the applicable standard of care and to show how the care he received breached that standard. He neither designated nor hired an expert to

testify on his behalf, so the district court properly granted summary judgment on the FTCA claim.

AFFIRMED.