NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 10-2890, 10-3109 and 10-3110
_____

KAREN BORN,
                                    Appellant in 10-2890

v.

MONMOUTH COUNTY CORRECTIONAL INSTITUTION;
SGT. CORNINE; OFFICER SIMONE;
PISANO, also known as PIZZANO
_____

KAREN BORN

v.

MONMOUTH COUNTY CORRECTIONAL INSTITUTION;
SGT. CORNINE; OFFICER SIMONE;
PISANO, also known as PIZZANO

Officer Robert Pisano,
                                    Appellant in 10-3109
_____

KAREN BORN

v.

MONMOUTH COUNTY CORRECTIONAL INSTITUTION;
SGT. CORNINE; OFFICER SIMONE;
PISANO, also known as PIZZANO

Sergeant Cornine,
                                    Appellant in 10-3110
_____

Appeals from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-07-cv-03771)
District Judge: Honorable Anne E. Thompson
_____

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2012

Before:  SCIRICA, RENDELL and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion Filed: January 18, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Appellant Karen Born brought a section 1983 lawsuit alleging that Sergeant William Cornine and Corrections Officer Robert Pisano violated her rights under the Eighth Amendment to the United States Constitution.  Following a trial, a jury found that Cornine and Pisano violated Born's rights, but that their acts were not the proximate cause of any injury to her.  On appeal, Born challenges the District Court's instructions on damages (particularly its refusal to give an instruction on punitive damages) and its refusal to admit a report from a psychologist suggesting that she suffers from Complex Post-Traumatic Stress Disorder.  She requests a new trial on the issue of damages alone. For the reasons stated below, we will deny Born's request and affirm.

I.

Born alleges that in March 2007, when she was a prisoner in the Monmouth County Correctional Institution (MCCI), Officer Pisano stomped on her back and that

2

Sergeant Cornine observed this but did not intervene.  She filed her complaint, *pro se*, on August 9, 2007, requesting $200,000 in relief that she termed "restitution."  (RA46.)  On November 8, 2007, a pretrial order was entered in the case by Magistrate Judge Tonianne Bongiovanni, directing Born to name any expert witness she intended to call at trial by April 24, 2008.

On January 8, 2009, the parties appeared before Judge Bongiovanni for a pretrial conference and filed their joint pretrial memorandum, which did not identify any expert witnesses.  It appears from the record that Born requested that an expert be appointed for her to establish that she suffers from post-traumatic stress disorder (PTSD), but that Judge Bongiovanni denied this request.[1]  The pretrial memorandum notes that Born sought $200,000 for pain and suffering, including "psychological pain," but does not mention punitive damages.  (RA61.)

On February 19, 2009, Pisano filed a motion for summary judgment, claiming that Born failed to exhaust administrative remedies, as required of a prisoner litigant under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  The District Court denied that motion on July 9, 2009.

The parties attended a pretrial conference on May 18, 2010, before Judge Anne E. Thompson.  Born indicated that she would be the only witness at trial, and that her request for an expert had been denied by Judge Bongiovanni.

---

[1] There is no transcript of the January 8, 2009, conference before Judge Bongiovanni. There is only a copy of the joint pretrial memorandum, which was marked up and signed by Judge Bongiovanni.  The only indication in the record that Born requested an expert is a handwritten notation on the joint pretrial memorandum, which states, "Request for expert denied re: PTSD."  (RA67.)

A jury trial commenced on June 8, 2010. Born testified that Pisano used excessive force against her, that Cornine acquiesced in this, and that, as a result, she sustained injuries (including psychological damage). Defense counsel sought to cross-examine Born, using records related to Born's previous contacts with police in order to "impeach her testimony with reference to the source of her psychological damage." (RA228.) The District Court denied this request.

Among the documents that defendants sought to introduce and impeach Born with was a July 31, 2009 report authored by Russell M. Holstein, Ph.D., a psychologist. The report, which was based solely on two instances in which Dr. Holstein met with Born, noted that Born "presents the signs of complex post-traumatic stress disorder and in addition a good deal of preoccupation particularly with the police." (RA263.) The report made no mention of Pisano, Cornine, or any of the events at issue in Born's lawsuit.

Born made a request, in front of the jury, to have that report "submitted to the jury as evidence that [she has] post traumatic stress disorder as a result of this incident." (RA170.) The following colloquy then took place:

> THE COURT: I don't know where that's coming from, Ms. Born. I heard you say that from the witness stand. What connection that would have to these defendants, I don't know that you've shown that in any way.
>
> MS. BORN: I intend to show it in --
>
> THE COURT: Do you intend to call a doctor or --
>
> MS. BORN: I have a --
>
> THE COURT: -- or someone -- some medical expert on that?
> …

4

MS. BORN: I made a request but I was denied that request to provide an expert. So the answer's no.

RA170.

The District Court refused Born's request to submit Dr. Holstein's report to the jury, saying that it was not evidence that the defendants caused Born to suffer from PTSD. (RA204-05.) Defendants requested a curative instruction, arguing that Born had mischaracterized the report in front of the jury. The District Court issued the following instruction to the jury:

> [P]laintiff has suggested that she has a medical report to support this and that another judge . . . barred her from presenting the report and barred her from presenting the author of the report as a witness.
> I direct you that you must disregard these statements entirely, as they are not issues before you, for legal reasons. Just for legal reasons, that is not before you. So just disregard that entirely. Any evidence as to which an objection was sustained by the Court and any evidence ordered stricken by the Court must be entirely disregarded.

(RA365.)

After Born rested, Cornine moved to dismiss the allegations against him, claiming that Born had failed to offer sufficient evidence that he saw the alleged incident involving Pisano or that he had an opportunity to intervene. The District Court denied that motion.

At the charging conference, defense counsel objected to the inclusion of an instruction on punitive damages. The District Court indicated that it would not instruct the jury on punitive damages because neither Born's complaint nor the pretrial memorandum discussed punitive damages. Born responded that, as a *pro se* plaintiff, she did not know that she had to specifically request punitive damages, nor that her general request for damages would not be considered a request for punitive damages. The

5

District Court reiterated that it would not instruct the jury on punitive damages, but told Born that she could renew her motion after the jury returned its verdict. The District Court told Born that, even if she had requested punitive damages in a timely way, she would not be entitled to them absent an award of nominal or compensatory damages.

The jury found that Pisano used excessive force on Born and that Cornine ignored or acquiesced in that conduct, both in violation of Born's constitutional rights. However, the jury found that the defendants' acts did not "play a substantial part in bringing about injury or damage" to Born. (RA259.) The District Court therefore entered a judgment of no cause of action against Born.

Born now appeals, requesting a new trial solely on the issue of damages. Pisano and Cornine cross-appeal the District Court's denial of summary judgment in their favor based on Born's supposed failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), and the District Court's refusal to admit evidence of Born's prior complaints against police. They also argue that, if Born is successful in her appeal, the appropriate remedy would be to remand for a new trial as to all issues, rather than a trial solely on the issue of damages. Cornine, furthermore, cross-appeals the District Court's denial of his motion to dismiss at the close of Born's case.

II.

A.

Born appeals the District Court's decision to disallow into evidence the report of Dr. Holstein, which states that Born "presents the signs of complex post-traumatic stress disorder and in addition a good deal of preoccupation particularly with the police." (RA 263.) We review a district court's evidentiary rulings for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997).

We find no abuse of discretion in the District Court's determination that the report should be excluded from evidence because it makes no connection between Born's signs of PTSD and the alleged conduct of the defendants. Defendants would have been unfairly prejudiced by the introduction of Dr. Holstein's report. A jury could have misinterpreted Dr. Holstein's report as suggesting that Pisano and Cornine caused Born's alleged PTSD, when the report in fact makes no mention of them or the events surrounding this lawsuit. Defendants never had a chance to depose Dr. Holstein, nor did they have the opportunity to present their own expert in rebuttal because Born did not seek to introduce this report until trial.

To the extent that Born challenges on appeal Judge Bongiovanni's denial of her request for an expert regarding PTSD, we again find no abuse of discretion. Federal Rule of Evidence 706 provides that a District Court may "order the parties to show cause why expert witnesses should not be appointed." Fed. R. Evid. 706(a). Such a court-appointed expert is entitled to compensation either "from any funds that are provided by law" or, from "the parties in the proportion and at the time that the court directs - - and the

7

compensation is then charged like other costs." Fed. R. Evid. 706(c). We understand that some courts have held that Rule 706 can be used to appoint an expert for an indigent civil litigant and apportion the costs of such expert to the other side. *See Ledford v. Sullivan*, 105 F.3d 354, 360 (7th Cir. 1997); *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds sub nom. Helling v. McKinney*, 502 U.S. 903 (1991); *Webster v. Sowders*, 846 F.2d 1032, 1038-39 (6th Cir. 1988); *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1058 (8th Cir. 1984). We, however, have never so held. *Cf. Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (finding no statutory authority for courts to pay expert witness fees of indigent civil litigants; not mentioning Fed. R. Evid. 706). Even if we were to allow such a use of Rule 706, the exercise of such authority would (by the very terms of the Rule) be in the discretion of district court judges, and we see no basis for saying that there was an abuse of discretion in not ordering the defendants here to pay for Born to hire an expert witness. *See Hannah v. United States*, 523 F.3d 597, 601 n.2 (5th Cir. 2008); *Means*, 741 F.2d at 1059 (noting that litigants should be tasked with paying expert fees for their indigent opponents only in "compelling circumstances").

In support of her argument, Born contends that the jury asked to rehear the portion of the transcript in which she tried to introduce Dr. Holstein's report. *See* D.D.E. # 134 (Trial Tr., June 10, 2010) at 98-99.[2] She contends that "[t]his proves that the jury wanted

---

[2]The parties apparently did not feel it necessary to include this jury request in the appendix. They also provided only select portions of the trial transcript, often omitting

8

to hear evidence from an expert proving that plaintiff had suffered emotional damage as a result of [defendants' conduct]." Appellant's Reply to Sergeant Cornine's Br. at 3. Even if it were true that the jury wanted such evidence, this does not establish that Dr. Holstein's report should have been admitted, nor that the District Court erred by not appointing an expert for Born. The jury request is not relevant to any procedural or evidentiary ruling. The fact that the jurors wanted such a report demonstrates a genuine risk that they might give such evidence undue weight despite the report's failure to mention the defendants and the defendants' inability to cross-examine Dr. Holstein. The District Court did an admirable job attempting to limit the damage caused by Born's reference to this report in front of the jury and did not abuse its discretion.

B.

Born also argues that the District Court erred by not instructing the jury on the issue of punitive damages. Born contends that she should be forgiven for not specifically requesting punitive damages at any point before trial because she is a *pro se* litigant and was not aware of any requirement that she make a specific request for punitive damages.

Federal Rule of Civil Procedure 8(a)(3) states that "[a] pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Federal Rule of Civil Procedure 15(b) allows for the amendment of pleadings at trial, saying that a district court "should freely permit an

---

not just passages that would be useful to this Court for context, but also portions of the transcript that they cite in their briefs. *See* 3d Cir. L.A.R. 30.3(a) (2011) ("Relevant portions of a trial transcript, exhibit, or other parts of the record referred to in the briefs must be included in the appendix at such length as may be necessary to preserve context.").

9

amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits." Though we exercise plenary review over the district court's decision to deny a request to send the issue of punitive damages to the jury where that issue has been properly pleaded, *Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 207 (3d Cir. 1996), we review the denial of a motion for leave to amend a complaint for abuse of discretion, *Douglas v. Owens*, 50 F.3d 1226, 1235 (3d Cir. 1995).

To the extent that Born tried to amend her complaint at trial to include a demand for punitive damages, the District Court was correct to reject her request. Because Born did not request punitive damages until after the close of evidence at trial, defendants never had an opportunity to set forth defenses or introduce mitigating evidence. Furthermore, a punitive damages claim affects a defendant's settlement position, especially where the defendant is indemnified by an insurer that does not cover the defendant's liability for punitive damages. *Cf. Variety Farms, Inc. v. N.J. Mfrs. Ins. Co.*, 410 A.2d 696, 703 (N.J. Super. Ct. App. Div. 1980) ("Public policy does not permit a tortfeasor to shift the burden of punitive damages to his insurer."). We have previously expressed our view that it is "unfair and substantially prejudicial to permit the injection of a new and different prayer for relief after trial at the very end of the case." *United States v. 47 Bottles, More or Less, Each Containing 30 Capsules of an Article Labeled in Part "Jenasol RJ Formula '60'"*, 320 F.2d 564, 573 (3d Cir. 1963) (finding district court abused its discretion by allowing United States to amend its condemnation libel to include a prayer for injunctive relief after trial). The District Court expressed its view

10

that amending Born's complaint at the end of trial to include a claim for punitive damages would be unfairly prejudicial. RA216 ("[A] defendant, knowing that they're facing punitive damages, could respond with certain other kinds of evidence. So you can't add it at the conference over jury charge."). We do not think the District Court abused its discretion in refusing to allow such an amendment.

On the topic of jury instructions, Born argues that

> Judge Thompson's curative jury instruction to ignore anything related to plaintiff's PTSD confused and mislead [sic] the jury to the point where they ignored any emotional distress that plaintiff testified she suffered because they wrongly interpreted any emotional distress, anguish or pain and suffering of plaintiff from the unjust assault of her to be that of PTSD.

Appellant's Reply to Cornine's Br. at 18. The District Court clearly instructed the jury that it was permitted to consider Born's evidence of emotional anguish and award her compensation for emotional damages she sustained because of defendants' conduct. *See* D.D.E. # 134 (Trial Tr., June 10, 2010) at 43 ("You should consider her testimony with regard to pain, suffering, emotional anguish, personal limitation and discomfort. . . . The law recognizes as proper items for recovery pain, physical, mental suffering, discomfort, distress, disability that a person may endure as a consequence of the defendant's conduct."); RA255 ("The damages you award should be proportional to the actual loss sustained, whether the loss is physical or mental or emotional."). The curative instruction related to Born's contention that she could produce an expert and an expert report in no way conflicted with the Court's clear instruction that mental suffering and emotional distress were compensable if proximately caused by defendants' violation of Born's constitutional rights.

11

C.

We find no merit in any of the other grievances Born describes in her briefs. Born appears to complain that there were twelve jurors, and not fewer, but she has no right to a civil jury of fewer than twelve people. *See* Fed. R. Civ. P. 48(a) ("A jury must begin with at least 6 and no more than 12 members . . . ."). As the committee note to the 1991 Amendment to Rule 48 notes, "[t]he use of jurors in excess of six increases the representativeness of the jury and harms no interest of a party."

Born argues that she is entitled to costs under Federal Rule of Civil Procedure 54(d) because of the jury's finding that Pisano used excessive force upon her and that Cornine ignored or acquiesced in that conduct. Born mistakes a finding in her favor on the verdict form for a determination that she is the "prevailing party" under Rule 54. As we recently noted, "the plaintiff in a [42 U.S.C.] § 1983 case must prove that a constitutional violation has occurred, and that it was the proximate cause of his or her injuries." *Burns v. Pa. Dep't of Corr.*, 642 F.3d 163, 181 (3d Cir. 2011) (citing *Carey v. Piphus*, 435 U.S. 247, 260 (1978)). The jury here found that the defendants violated Born's rights, but that their acts did not "play a substantial part in causing or bringing about injury or damage to plaintiff." RA259-60. The jury so found despite the fact that it was instructed on (and the verdict sheet mentioned) its authority to award nominal damages. RA256; *see* D.D.E. # 134 (Trial Tr., June 10, 2010) at 80 ("If you didn't find that there was any basis for any injury that would be compensable in money damages, you could award her one dollar, but that would be only if the attack did take place"); *id.* at 81 ("[I]f this happened, the plaintiff would be able to recover money damages from

12

Defendant Cornine, compensatory damages, and if you felt that there was no money warranted, then you could nominal [sic] damages of one dollar."). Having failed to prove that the defendants' violation of her civil rights caused her any injury, Born is not a prevailing party and is not entitled to costs under Fed. R. Civ. P. 54(d).[3]

III.

For the foregoing reasons, we will affirm the District Court's judgment.

---

[3] Because the District Court judgment was entered in Pisano and Cornine's favor, their cross-appeals are rendered moot by our decision to deny Born's appeal.