# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

No. 16-20080

JEWEL HONEY-LOVE, Individually and as a Representative of the Estate of Larry Lavon Love,

   Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; DOCTOR DARYL DICHOSO; DOCTOR ERIC ROTHENBERG,

   Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2185

Before HIGGINBOTHAM, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

  Jewel Honey-Love appeals from the district court's orders excluding the testimony of her expert witness and granting Defendants' motion for summary judgment as to Honey-Love's medical negligence claim. Because the exclusion of Honey-Love's expert witness testimony was not an abuse of discretion and

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20080

because there is no genuine dispute as to any material fact regarding Honey-Love's medical negligence claim, we AFFIRM.

## I.

Larry Lavon Love, a U.S. Navy veteran and resident of Channelview, Texas, was seriously injured when he was involved in a high-speed, head-on automobile collision on March 22, 2009. He was treated in the Acute Trauma Unit of the Ochsner Medical Center in New Orleans, Louisiana. As a result of the accident, Love's spinal cord was partially severed, resulting in paralysis in all four limbs. Love was eventually transferred to the Micahel deBakey V.A. Medical Center (VAMC) in Houston, Texas, where he was admitted to the hospital's Spinal Cord Injury Unit ("SCI Unit") for comprehensive rehabilitation and long-term care.

In September 2010, VAMC discharged Love and he was admitted to Acuity Hospital of Houston, L.P. While at Acuity, Love was under the care of Dr. Daryl Dichoso and Dr. Eric Rothenberg. About a month after arriving at Acuity, Love was discharged and he returned to the SCI Unit at VAMC.

On April 24, 2011, Love removed his nasal cannula and shortly thereafter became unresponsive and was transferred to the Medical Intensive Care Unit. Love suffered cardiac arrest on May 9, 2011. He was resuscitated but found to have a poor prognosis. Love later died on May 11, 2011.

Love's wife, Jewel Honey-Love filed a medical malpractice suit in the Southern District of Texas under the Federal Tort Claims Act (FTCA). Listed as "Parties" in her suit were the United States of America, twenty-four named doctors of the VAMC, Acuity Hospital of Houston, L.P., and Drs. Daryl Dichoso and Eric Rothenberg. Honey-Love voluntarily non-suited Acuity Hospital and twenty of the named doctors at the VAMC. The United States substituted as a party for the remaining four named doctors.

2

No. 16-20080

Honey-Love designated Christopher M. Davey, M.D. as her only expert witness. Dr. Davey's curriculum vitae shows that he is a family practice physician with geriatric wound care experience primarily in nursing homes. He has no experience treating spinal cord injury patients in a specialized spinal cord injury unit. The United States and Drs. Dichoso and Rothenberg moved to exclude Dr. Davey on grounds his report failed to meet the expert disclosure requirements set forth in Federal Rule of Civil Procedure 26(a)(2)(b) and that his report was inadmissible under Federal Rule of Evidence 702. The district court granted the motions to exclude Dr. Davey's testimony and granted summary judgment in favor of Defendants.

On appeal, Honey-Love argues the district court abused its discretion when it excluded Dr. Davey's testimony. She also argues the district court improperly granted summary judgment in favor of the United States.

## II.

The district court excluded the expert testimony of Dr. Davey on the grounds it was inadmissible under Federal Rule of Evidence 702 and insufficient under Federal Rule of Civil Procedure 26.

We review the district court's exclusion of expert testimony for abuse of discretion. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 274 (5th Cir. 1998) (en banc) (citing *General Elec. Co. v. Joiner*, 522 U.S. 136, 139 (1997)). "In rulings on the admissibility of expert opinion evidence the trial court has broad discretion and its rulings must be sustained unless manifestly erroneous." *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 881 (5th Cir. 2013) (citation and quotation marks omitted). A "[m]anifest error" is an error "that is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 195 (1st Cir. 2004) (citing Black's Law Dictionary 563 (7th ed. 1999))).

No. 16-20080

Honey-Love argues the district court abused its discretion when it excluded Dr. Davey's opinion as inadmissible under Federal Rule of Evidence 702.[1] Rule 702 provides that expert testimony must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "We note, however, that the helpfulness threshold is low: it is principally . . . a matter of relevance. Expert testimony which does not relate to any issue in the case is not relevant, and ergo, non-helpful." *E.E.O.C. v. Boh Bros. Const. Co.*, 731 F.3d 444, 459 n.14 (5th Cir. 2013) (en banc) (citations and quotation marks omitted).

The district court found Dr. Davey's report would not help the trier of fact determine a fact in issue in this case. It is clear to us the district court acted within its discretion in excluding the report on these grounds. The content of Dr. Davey's report pertains only to the standard of care of nurses generally in preventing ulcers. The report does not contain a standard of care for doctors, nor does it contain a standard of care specific to an SCI unit. While Dr. Davey's report alleges breaches of care by the VAMC and nurses, VAMC and its nurses are not parties to this case. As for the parties to the case, Dr. Davey proffers no opinion on the standard of care or any breaches pertaining specifically to the four individual doctors at the VAMC. As to Drs. Dichoso and Rothenberg, the report only says they failed to perform a contracted surgery. Dr. Davey makes no reference to a standard of care as to when a doctor has a duty to perform a surgery they are contracted to perform. Because Dr. Davey would not have testified to the standard of care for any of the defendant doctors, it was appropriate for the district court to exclude Dr. Davey's

---

[1] Honey-Love cites to Federal Rule of Evidence 701 throughout her brief, but quotes language from Rule 702.

testimony on the basis that it would not assist the trier of fact determine whether the defendant doctors met a particular standard of care.

Alternatively, the district court acted within its discretion when it excluded Dr. Davey's testimony on the basis that Honey-Love did not comply with Federal Rule of Civil Procedure 26(a)(2)'s expert testimony disclosure requirements. Rule 26(a)(2)(B) provides that expert witnesses generally must provide an expert report that contains

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and, (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). The expert report should be "detailed and complete," stating the testimony that will be presented during direct examination and the reasons therefor. Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 Amendments).

Honey-Love argues the report meets the first disclosure requirement because it contains all the opinions Dr. Davey intended to offer. However, the report only references the VAMC and its nurses generally; it does not appear to offer any opinion pertaining to the four individual doctors at the VAMC for whom the United States has substituted itself as a defendant. With regards to Drs. Dichoso and Rothenberg at Acuity, Dr. Davey opines that they "failed to perform the surgery for which they were contracted to perform thereby sealing Mr. Love's untimely demise." However, Dr. Davey does not provide the basis or reasons for reaching this opinion. As for the second disclosure requirement, Dr. Davey only states he reviewed the records of the VAMC and Acuity but

does not specifically reference any of the almost six-thousand pages of Love's medical records.

Honey-Love argues Dr. Davey did not provide any exhibits he would use in accordance to the third disclosure requirement because no such exhibits exist. However, without any exhibits, the report fails to meet the "detailed and complete" standard articulated in the Advisory Committee's Notes accompanying Rule 26. Fed. R. Civ. P. 26 Advisory Committee's Notes (1993 Amendments). Finally, regarding the fifth disclosure requirement, Dr. Davey only states in his report that he "testified extensively," but he fails to provide a complete list of cases as required by the rule.

Honey-Love argues even if Dr. Davey's report did not conform to Rule 26's disclosure requirements, the district court abused its discretion in excluding the report in its entirety. Honey-Love argues Federal Rule of Civil Procedure 37 does not support such a serious sanction, particularly given that Dr. Davey's opinions were essential to Honey-Love's medical negligence claim. Honey-Love contends a more appropriate sanction would have been for the district court to require supplementation to correct any deficiencies in Dr. Davey's report. However, under Rule 37(c), the presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Civ. P. 26 Advisory Committee's Note (1993) ("Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed."). Here, the district court found Honey-Love did not provide any justification for the deficiencies in Dr. Davey's report.

We hold the district court did not abuse its discretion when it excluded the expert testimony of Dr. Davey on the grounds it was inadmissible under

No. 16-20080

Federal Rule of Evidence 702 and insufficient under Federal Rule of Civil Procedure 26. *See Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000).

## III.

Honey-Love also argues the district court improperly granted summary judgment in favor of the United States. She contends the summary judgment motions granted by the district court only dismissed the individual doctors from the action, not the other unnamed agents of the United States involved in Love's care. Therefore, Honey-Love argues, the district court erred in dismissing her case.

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 407 (5th Cir. 2015). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " *Id.* (quoting Fed. R. Civ. P. 56(a)). A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Id.*

The FTCA waives the sovereign immunity of the United States for damages caused by the negligent or wrongful act or omission of an employee of the government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b), 2674; *see also Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). "State law controls liability for medical malpractice under the FTCA." *Hannah*, 523 F.3d at 601 (citation omitted).

In order to prevail on a medical negligence claim under Texas law, a plaintiff must prove: "(1) the physician's duty to act according to an applicable

7

standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation." *Id.* "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required on the issues of negligence and causation." *Id.* (citing *Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977)).

Here, the applicable standard of care is one involving doctors treating a spinal cord injury patient within a specialized SCI unit. This is not a matter of common knowledge, therefore expert testimony is required to demonstrate the elements of negligence and causation. Honey-Love did not sufficiently demonstrate Dr. Davey qualified as an expert as to this applicable standard of care. With Dr. Davey's testimony excluded under Federal Rule of Civil Procedure 26(a)(2)(B) and Federal Rule of Evidence 702, Honey-Love did not have the requisite expert evidence to support her Texas medical negligence claim against either the four VAMC doctors nor Drs. Dichoso and Rothenberg. Therefore, these defendants were entitled to summary judgment as a matter of law. *See Burrell*, 482 F.3d at 411.

Honey-Love's contention that the summary judgment motions granted by the district court only dismissed the individual doctors from the action, not the other unnamed agents of the United States involved in Love's care, is misplaced. In Honey-Love's complaint, she listed as parties to her action the United States and twenty-four doctors of the VAMC's SCI Unit. The complaint alleged medical negligence of the "[i]ndividual doctors; and all other physicians, residents and interns." As a result of Honey-Love's voluntarily motion to non-suit, the list of twenty-four named doctor defendants was reduced to four and the United States was substituted as a defendant for these four doctors. If Honey-Love intended to sue other United States agents as defendants, she did not make this clear in her complaint. *See* Fed. R. Civ. P. 8(a) (requiring plaintiffs to set forth a "short and plain statement of the claim

showing that the pleader is entitled to relief"). Furthermore, even if other United States defendants were to exist, Dr. Davey's report remains insufficient to support a claim against them. As such, we conclude the district court correctly construed the motions for summary judgment as requesting dismissal of all parties and claims. *Cuba v. Pylant*, 814 F.3d 701, 720 (5th Cir. 2016) (noting summary judgment motions place "the initial burden on the moving party and then shifts the burden to the nonmoving party to show that there is a dispute that merits trial") (citation omitted).

## IV

For the foregoing reasons, we AFFIRM the district court's judgment.