# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2019

Lyle W. Cayce
Clerk

SANDRA G. HALE,

      Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; MICHAEL DEBAKEY MEDICAL
CENTER (VA HOSPITAL); CHRISTOPHER R. SANDLES; ROBERT
MCDONALD; PAUL WENZSLAWSH, PA; DOCTOR JOHN MA, M.D.,

      Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-226

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

    Sandra Hale—a disabled veteran—sued Dr. John Ma, a doctor at
DeBakey VA Medical Center, and Paul Wenzlawsh, a physician assistant
there, for misdiagnosing and mistreating her shoulder injury. Because they
are federal employees and she brought a tort claim, she could not sue them
individually, but she could sue the federal government under the Federal Tort

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-20071

Claims Act.  28 U.S.C. § 2679(b)(1).  The district court later granted summary judgment to the government and we review that decision de novo.  *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).

The FTCA allows private citizens to sue the federal government when federal employees commit torts for which a private person would be liable under state law.  *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008).  Though Hale strains against this in her briefs, her complaint alleges a health care liability claim.  When someone claims they are harmed by a medical professional whose care falls below the accepted standards of medical care, that claim is for health care liability.  TEX. CIV. PRAC. & REM. § 74.001(a)(13); *see also Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012) (describing the expansive application of Texas's Medical Liability Act).  In Texas, expert testimony is generally required to establish the standard of care, to determine whether the medical professional breached it, and to determine whether that breach caused the alleged injuries.  *Ellis v. United States*, 673 F.3d 367, 373 (5th Cir. 2012) (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 538 (Tex. 2010)).  Of course, not every case requires it: if a surgeon operates on the wrong knee or leaves a sponge inside, no expert testimony is required.  *Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (Tex. 1990).  But Hale does not present such an obvious case; she needed an expert.

The only one she tried to provide is herself.  According to her designation, Hale served as a nurse for over 35 years.  But the expert must be a doctor.  TEX. CIV. PRAC. & REM. CODE §§ 74.401(a), 74.403(a).  Texas law does not consider a nurse sufficiently qualified to establish causation in a medical negligence case.  *Id.* at § 74.403(a).  Hale thus could not serve as her own expert and, failing to produce another, summary judgment was appropriate.

Hale also argues that the government was dilatory in filing its answer to her amended complaint, requiring a default judgment.  The district court was

2

No. 18-20071

well within its discretion in accepting the answer.  *See* FED. R. CIV. P. 15(a)(3) (establishing 14-day response period to amended pleadings "unless the court orders otherwise")

AFFIRMED.