# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2019

No. 19-20164
Summary Calendar

Lyle W. Cayce
Clerk

SANDRA G. HALE,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA; DEPARTMENT OF VETERANS
AFFAIRS; STEPHEN SEDER, Doctor; RAJANI POTU, Doctor; BAYLOR
UNIVERSITY SYSTEM; MICHAEL DEBAKEY MEDICAL CENTER (VA
HOSPITAL),

Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1189

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Sandra Hale, a disabled veteran, sued Dr. Stephen Seder, a dentist at
DeBakey VA Medical Center, and Dr. Rajani Potu, a physician there, from
injuries that resulted when her dentures were improperly disinfected. She also

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-20164

brought claims against the government for negligent hiring and improper training. Because Seder and Potu are federal employees and she brought a tort claim, she could not sue them individually. 28 U.S.C. § 2679(b)(1). But she could sue the federal government for their alleged actions under the Federal Tort Claims Act. *Id.* The district court later granted summary judgment to the government, and we review that decision de novo. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019).

The FTCA allows private citizens to sue the federal government when federal employees commit torts for which a private person would be liable under state law. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008). Though Hale strains against this in her briefs, her complaint alleges a health care liability claim. Even her claims for negligent hiring are considered health care liability claims in Texas. *See Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 546 (Tex. 2004). When someone claims they are harmed by a medical professional attempting to treat them but whose care falls below the accepted standards of medical care, that claim is for health care liability. TEX. CIV. PRAC. & REM. § 74.001(a)(13); *see also Loaisiga v. Cerda*, 379 S.W.3d 248, 256 (Tex. 2012) (describing the expansive application of Texas's Medical Liability Act).

In Texas, expert testimony is generally required to establish the standard of care, to determine whether the medical professional breached it, and to determine whether that breach caused the alleged injuries. *Ellis v. United States*, 673 F.3d 367, 373 (5th Cir. 2012) (quoting *Jelinek v. Casas*, 328 S.W.3d 526, 538 (Tex. 2010)). Of course, not every case requires it: if a surgeon operates on the wrong knee or leaves a sponge inside, no expert testimony is required. *Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (Tex. 1990). But this case required an expert. Though Dr. Seder was fined $600 by the Texas Department of Agriculture for using the wrong chemical to disinfect her

dentures, an expert was required at minimum to establish that the denture cleaning caused any injuries.

Hale designated an expert toxicologist to testify. But by law the expert must be a doctor or, for dental treatment, a dentist. TEX. CIV. PRAC. & REM. CODE §§ 74.401(a), 74.403(a). Because her expert cannot demonstrate that any breach of a duty of care caused her injuries, summary judgment was appropriate.

AFFIRMED.