# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2021

Lyle W. Cayce
Clerk

No. 20-10041
Summary Calendar

David C. Jenkins,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-918

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

David C. Jenkins, federal prisoner # 09013-078, appeals the district court's grant of summary judgment in favor of the United States dismissing his medical malpractice claim filed pursuant to the Federal Tort Claims Act (FTCA).  He alleged that prison medical staff and outside medical providers

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

committed medical malpractice by failing to provide hernia-repair surgery in a timely manner and failing to provide proper care before and after the surgery.

The district court granted summary judgment based on Jenkins's failure to put forward evidence from an expert to support his claims. We review a grant of summary judgment de novo. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

State law controls the liability for medical malpractice under the FTCA. *Ellis v. United States*, 673 F.3d 367, 372 (5th Cir. 2012). Under Texas law, the plaintiff in a medical malpractice action must prove: (1) the physician's duty to act according to an applicable standard of care, (2) a breach of the governing standard, (3) an injury, and (4) causation. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). "[E]xpert testimony is necessary to establish causation as to medical conditions outside the common knowledge and experience of [the finder of fact]." *Ellis*, 673 F.3d at 373 (internal quotation marks and citation omitted); *see also Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008).

Jenkins has not shown that the district court should have applied the deliberate indifference standard instead of the negligence standard. The deliberate indifference standard applies to claims concerning the denial of adequate medical care for a serious medical need in violation of the Eighth Amendment. *See Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). Jenkins's complaint raised a claim under the FTCA, which authorizes civil actions for damages for injuries caused by the negligence of a government employee. *See Ellis*, 673 F.3d at 372. Further, contrary to his argument, Jenkins was required to present expert testimony to establish the applicable standard of care and to show how the care he received breached that standard. *See Hannah*, 523 F.3d at 601-02; *see also Quijano*, 325 F.3d at 567.

To the extent that Jenkins argues that expert testimony was not required because the treatment for a hernia is common knowledge, his argument lacks merit. We have held that claims concerning surgical care and decisions about medication, like those Jenkins raised, must be supported by expert testimony. *See Hannah*, 523 F.3d at 601-02.

Moreover, the district court did not abuse its discretion in denying Jenkins's motion for the appointment of an expert under Federal Rule of Evidence 706 because the purpose of appointing an expert under Rule 706 is to benefit the court, not to benefit a particular party. *See Hannah*, 523 F.3d at 600.

Jenkins has not established that the district court erred in granting summary judgment because he did not present expert testimony supporting his medical malpractice claim. *See Nickell*, 636 F.3d at 754; *Hannah*, 523 F.3d at 601-02. Accordingly, the district court's judgment is AFFIRMED.