# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 20-10688
Summary Calendar

Dawn Herndon,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:19-CV-148

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:*

Dawn Herndon, former federal prisoner #00782-104, appeals the denial of her third motion for an extension of time to file her response to the United States's motion for summary judgment, and she appeals the summary judgment dismissing her medical malpractice claim filed per the Federal Tort

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10688

Claims Act ("FTCA").

Herndon contends that the district court should have granted the extension because the United States failed to provide her with requested discovery needed to support her claims and to procure an expert witness. We review the denial of an extension for abuse of discretion. *See Adams v. Travelers Indem. Co.*, 465 F.3d 156, 161-62 (5th Cir. 2006).

As the district court explained, the record demonstrates extensive communication between Herndon and the United States, and production by the United States, of the requested documents. The United States refutes the claim that any documents are missing and informed Herndon as much before the summary judgment deadline had expired. Herndon's belief that documents were still missing, even if an honest one, is unsupported in the record.

The district court therefore denied Herndon's third motion for an extension of her response deadline, as it did not believe that a further extension would do anything other than delay the case further. Given the nearly five-month extensions previously granted, and Herndon's position that she could not file a response until she received documents that the United States had unequivocally stated were not in its possession, this was not an abuse of discretion.

Herndon avers that the district court erred by granting summary judgment. Although she was required, with limited exceptions, to designate an expert witness under Texas law in order to prove her claims, she contends that she did not need to do so under the facts of this case. We review a summary judgment *de novo. See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).

State law—here, Texas—controls the liability for medical malpractice under the FTCA. *See Estate of Sanders v. United States*, 736 F.3d 430, 435

(5th Cir. 2013); *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). Under Texas law, Herndon must demonstrate "(1) a duty by the physician or hospital to act according to the applicable standard of care; (2) a breach of that standard of care; (3) an injury[;] and (4) a causal connection between the breach of care and the injury." *Quijano*, 325 F.3d at 567. "[E]xpert evidence is required to show both a breach of a standard of care and that the breach was a proximate cause of the harm suffered." *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005); *see also Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (stating that Texas requires expert testimony "[u]nless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman" in order to meet the burden of proof). Herndon's contention that expert testimony was not required because the treatment for a colostomy and stoma is common knowledge is without merit. *See Hannah*, 523 F.3d at 600–02 (rejecting the argument that treatment of a methicillin-resistant Staphylococcus aureus (MRSA) infection was a matter of common knowledge).

Herndon has not demonstrated that the district court erred by granting the summary judgment, which is AFFIRMED.