# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2025

Lyle W. Cayce
Clerk

No. 25-10342
Summary Calendar

———————————

Antoine Demone Stephens,

*Plaintiff—Appellant*,

*versus*

Tarrant County District Attorney Office;
Sharon Wilson; Officer Dawley,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:25-CV-68

———————————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:*

Antoine Stephens, Texas prisoner #1419836, appeals the dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), based on the district court's finding that the complaint was both untimely and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). We review *de novo* the dismissal of a § 1983 complaint as frivolous

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under §§ 1915(e)(2) and § 1915A(b).  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

On appeal, Stephens does not address the district court's time-bar or *Heck* determinations.  His failure to identify any error in the district court's reasons for dismissing his § 1983 action is the same as if he had not appealed at all.  *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Stephens has accordingly waived any challenge to the dismissal of his § 1983 action.  *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008).  The judgment is AFFIRMED.

The dismissal of Stephens's § 1983 complaint as frivolous counts as a strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  Accordingly, Stephens is WARNED that if he accumulates three strikes, he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).