# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30101
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2016

Lyle W. Cayce
Clerk

ZZEUNDRE JACOBS,

Plaintiff-Appellant

v.

JAMES M. LEBLANC, Secretary; DARREL VANNOY, Warden; KEVIN BENJAMIN, Assistant Warden, III; JIMMY SMITH, Assistant Warden, II; SHIRLEY VALENTINE, Sergeant,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-271

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Zzeundre Jacobs, Louisiana prisoner # 447048, filed a 42 U.S.C. § 1983 lawsuit against the Defendants-Appellees, alleging that they violated his constitutional rights by failing to enforce the prison's no-smoking policy, resulting in his exposure to unreasonable amounts of environmental tobacco smoke (ETS). The district court dismissed James M.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30101

LeBlanc before trial and dismissed Burl Cain and Jimmy Smith following the presentation of Jacobs's case to the jury, which returned a verdict in favor of the remaining defendants, Kevin Benjamin and Shirley Valentine.

Jacobs first contends that the district court erred in denying his motions for summary judgment. The case proceeded through a trial on the merits, however, so Jacobs cannot now appeal the district court's ruling on his previously filed summary judgment motions. *See Ortiz v. Jordan*, 562 U.S. 180, 184 (2011).

Jacobs next asserts that the district court improperly excluded three of his exhibits pursuant to the defendants' motion in limine: (1) a letter, copies of which he mailed to different organizations that he says proves he was telling people about the policy violations; (2) a letter he received from the American Nonsmokers' Rights Foundation that he says proves Louisiana correctional centers are supposed to be smoke-free; and (3) an article from the 2006 U.S. Surgeon General's Report that he says proves there is no safe level of or exposure to secondhand smoke. The district court excluded these exhibits because they were irrelevant and constituted inadmissible hearsay. Jacobs has failed to show that the district court abused its discretion because he fails to argue, must less show, that his substantial rights were affected by their exclusion. *See Buford v. Howe*, 10 F.3d 1184, 1188 (5th Cir. 1994); *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 361 (5th Cir. 1995).

Jacobs also contends that the district court abused its discretion in denying his motion to appoint a medical expert, namely, an otolaryngologist, which is an ear, nose, and throat specialist. Under Federal Rule of Evidence 706(a), the district court may appoint an expert witness to aid the court, not for a party's benefit. *See Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008). The district court denied the motion because Jacobs was seeking the

No. 15-30101

appointment of the expert for his own benefit. Jacobs has failed to show that the appointment would aid the court or the jury in understanding his claims or the evidence; and the evidence in the record included the kind of evidence that an expert would be expected to give. Jacobs has provided nothing to show that the district court abused its discretion in denying his motion to appoint an expert. *See Hannah*, 523 F.3d at 600. Furthermore, because the jury determined that Jacobs did not satisfy his burden of proof with respect to the first element of his claim—that he was exposed to unreasonable levels of ETS— it never reached the third element of his claim—whether the defendants' acts or omissions caused Jacobs's injuries. Testimony from an otolaryngologist would have been irrelevant.

Jacobs next maintains that the district court abused its discretion when it denied his motions for the appointment of counsel. Relying on the factors discussed in *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982), the district court determined that the appointment of counsel was not warranted. On appeal, Jacobs merely rehashes, in an abbreviated and conclusional fashion, his previously asserted arguments. He has failed to show that the district court abused its discretion in denying his motions to appoint counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

Finally, Jacobs complains of the jury's verdict in favor of the remaining defendants. His failures to preserve this issue by filing a Rule 50 motion for directed verdict at trial or to produce a transcript of the trial prevent us from disturbing the jury's verdict. *See* FED. R. APP. P. 10(b)(2).

AFFIRMED.