# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30071
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2017

Lyle W. Cayce
Clerk

RICHARD W. BLACK,

Plaintiff-Appellant

v.

VAN H. KYZAR; DAVID CHEATWOOD; PATRICK RELIFORD; VICTOR JONES,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 1:15-CV-2411

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

While confined in the Natchitoches Parish Detention Center as a pretrial detainee under prisoner # 2010012092, Richard W. Black filed a pro se 42 U.S.C. § 1983 action against Van H. Kyzar, the Natchitoches Parish District Attorney; David Cheatwood, an employee of the Natchitoches Parish Sheriff's Office; Patrick Reliford, an employee of the Natchitoches Parish Probation and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30071

Parole Office; and Victor Jones, the Natchitoches Parish Sheriff.  Black appeals the district court's sua sponte dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.  Among other reasons for dismissing the complaint, the district court reasoned that Black's claims were untimely under the applicable one-year statute of limitations.

On appeal, Black reiterates the allegations in his complaint that documents from as early as 1992 demonstrated that he was not required to register as a sex offender; Reliford wrongfully forced him to register as a sex offender on or about November 7, 2011; Kyzar wrongfully filed a bill of information on or about June 7, 2012, charging Black with failure to register as a sex offender; and Cheatwood signed a legal document on or about June 7, 2012, in which Cheatwood made a false statement about a prior revocation of Black's probation or parole.  Black contends that the defendants' actions constituted a number of crimes and violated Louisiana rules of court.  Citing *Crane v. State of Texas*, 759 F.2d 412 (5th Cir. 1985), Black also contends that the defendants are not immune from his claims because they can be sued through the parish.

Black does not brief any argument in his opening brief challenging the district court's determination that his § 1983 complaint was time barred.  Although he does contest the issue of untimeliness in his reply brief, we do not consider arguments raised for the first time in a reply brief.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  By failing to challenge in his opening brief the district court's determination that his § 1983 complaint was untimely, Black has waived the issue.  *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008); *Yohey*, 985 F.2d at 225.  Accordingly, we affirm the judgment of the district court dismissing Black's § 1983 action.

No. 16-30071

Also before the court is Black's motion for all documents concerning any conviction and sentence he sustained in the Tenth Judicial District Court of Natchitoches Parish. We may not consider evidence submitted for the first time on appeal. *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). The motion is denied.

A prisoner is not eligible to proceed in forma pauperis (IFP) in a civil action or on appeal from a judgment in a civil action if he has on three or more prior occasions, while incarcerated or detained in a facility, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." § 1915(g). For purposes of § 1915(g), a "prisoner" includes "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1915(h).

The district court's dismissal in this case counts as one strike under § 1915(g). *See* § 1915(h); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). While Black was an inmate or pretrial detainee in Louisiana under prisoner # 121276, he filed at least two other civil actions that were dismissed by the district court as frivolous and/or for failure to state a claim upon which relief may be granted: *Black v. Wilkinson*, No. 1:09-CV-1966 (W.D. La. Mar. 2, 2010), and *Black v. Scallion*, No. 1:14-CV-2466 (W.D. La. Feb. 9, 2015). Black did not appeal either case, and each of those cases counts as one strike under § 1915(g). *See Coleman*, 135 S. Ct. at 1763; *Adepegba*, 103 F.3d at 388.

Because Black has accumulated at least three strikes under § 1915(g), he is now barred from proceeding IFP in any civil action or appeal filed while

3

No. 16-30071

he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).  Black is warned that frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  Black is further warned that he should review any pending appeals and actions and move to dismiss any that are frivolous.

AFFIRMED; MOTION FOR DOCUMENTS DENIED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.