# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2018

Lyle W. Cayce
Clerk

No. 17-10191
Summary Calendar

JESUS VALLE,

Plaintiff-Appellant

v.

RUSTY ROGERS, Correctional Officer III; XAVIER CUTRIGHT,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CV-100

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jesus Valle, Texas prisoner # 01106935, filed a civil rights complaint against Officer Rusty Rogers, Officer Tommy Ramos, Officer Thomas Myers, Sergeant Denise Upfold, Major Anthony Adcox, Lieutenant John T. Johnson, and inmate Xavier Cutright.  Valle was picking up food trays outside of inmates' cells when he was attacked by Cutright through a bean chute door.  Cutright was locked in his cell at the time of the attack.  The magistrate judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10191

(MJ), presiding by consent, dismissed the claims against Ramos, Myers, Upfold, Adcox, and Johnson as frivolous. The district court granted summary judgment in favor of Rogers and declined to exercise supplemental jurisdiction over Valle's state law claims against Cutright. Valle now appeals.

A district court shall dismiss a case if it determines that the case is frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A complaint is frivolous and lacks an arguable basis in law if it is based upon an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). We review a § 1915 dismissal as frivolous for an abuse of discretion. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

As to Myers, Ramos, and Upfold, Valle's claims of deliberate indifference do not have an arguable basis in law because Cutright's prison classification would not provide grounds for an officer to be deliberately indifferent to a theoretical risk that Valle would be injured through a bean chute. *See Adames v. Perez*, 331 F.3d 508, 512-16 (5th Cir. 2003). His claims that Upfold and Johnson failed to properly train and supervise employees fail because he did not allege more than a single constitutional violation arising from the alleged lack of training or supervision. *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001). Therefore, the magistrate judge did not abuse his discretion in dismissing these claims as frivolous. *See Neitzke*, 490 U.S. at 327. Valle does not challenge the MJ's dismissal of claims against Major Adcox as frivolous. Therefore, any challenge to the MJ's dismissal of claims against Major Adcox is abandoned. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review de novo the district court's summary judgment ruling. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Because Valle fails to raise any argument regarding his claims against Rogers in his official capacity, these

No. 17-10191

claims are abandoned. *See Brinkmann*, 813 F.2d at 748. Valle's arguments that Rogers opened the bean chute and failed to follow policy by staying within five feet of him are conclusory and do not show that Rogers had requisite knowledge of a substantial risk to Valle's safety. He does not show a violation of his constitutional rights. *See Pratt v. Harris County, Tex.*, 822 F.3d 174, 180 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1121 (2017). Moreover, he does not cite to any precedent supporting his assertion that Rogers's actions were objectively unreasonable. *See Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016). Therefore, the district court did not err in granting summary judgment in favor of Rogers. Because Valle's federal claims were properly dismissed, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over state-law claims. *See Heggemeier v. Caldwell County, Tex.*, 826 F.3d 861, 872 (5th Cir. 2016); 28 U.S.C. § 1367(c)(3). To the extent that Valle is raising new claims for the first time on appeal based on a theory of state-created danger, those claims are not properly before this court. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008); *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) ("Because these claims were not raised in the district court, we do not address them on appeal.");

The judgment is AFFIRMED. Exceptional circumstances are not present in the instant case that would support the appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Valle's motion for appointment of counsel on appeal is DENIED. All other outstanding motions are DENIED.