# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30484

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2018

Lyle W. Cayce
Clerk

VERNON GOODLOW,

Plaintiff-Appellant

v.

JAMES M. LEBLANC; BURL CAIN; L. ROBLIN, Lieutenant; UNKNOWN HAYES, Major; UNKNOWN WOLFSON, Major; UNKNOWN ELROY, Major; CLASSIFICATION OFFICERS OF EAST AND WEST YARD AT LOUISIANA STATE PENITENTIARY; TRISH FOSTER,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-788

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Vernon Goodlow, Louisiana prisoner # 93838, moves for leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his complaint in his 42 U.S.C. § 1983 action as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The district court denied Goodlow's IFP motion and certified that his appeal was not taken in good faith

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for the reasons stated in the magistrate judge's report and the district court's amended opinion and judgment. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). By moving for leave to proceed IFP, Goodlow challenges the district court's certification that his appeal is not taken in good faith. *See Baugh*, 117 F.3d at 202.

In his brief, Goodlow raises new claims for the first time on appeal concerning incidents that occurred after he filed his complaint. Those claims are not properly before this court. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008); *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Goodlow's IFP motion fails to make the requisite showing. He does not identify any error in the district court's dismissal of his claims or in the district court's certification decision. Goodlow's failure to identify any error in the district court's decision is the same as if he had not appealed the judgment. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). As a result, he has waived any challenge to the district court's IFP ruling and, therefore, cannot show that the district court's certification decision was an abuse of discretion. *See Hughes v. Johnson*, 191 F.3d 607, 612-13 (5th Cir. 1999); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because Goodlow has failed to rebut the district court's finding that his appeal lacks arguable merit, his appeal is frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Goodlow's motion for appointment of counsel is also denied.

The district court's dismissal and the dismissal of this appeal each count as one strike under 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 290-92 (5th Cir. 2017); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). A prior § 1983 action filed by Goodlow was dismissed as frivolous and for failure to state a claim pursuant to §§ 1915(e) and 1915A. *See Goodlow v. LeBlanc*, No. 3:15-CV-00676 (M.D. La. May 3, 2016). This dismissal also counts as a

No. 17-30484

strike under § 1915(g).  *See Brown*, 857 F.3d at 290-92; *Coleman*, 135 S. Ct. at 1763-64.  Having now accumulated three strikes for purposes of § 1915(g), Goodlow may no longer proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  *See* § 1915(g).

IFP MOTION DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) SANCTION BAR IMPOSED.