# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 9, 2020

Lyle W. Cayce
Clerk

No. 20-10487
Summary Calendar

PHILLIP STERLING, SR.,

*Plaintiff—Appellant*,

*versus*

UNITED STATES OF AMERICA,

*Defendant—Appellee*.

Appeal from the United States District Court
Northern District of Texas
USDC No. 3:18-CV-526

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Phillip Sterling appeals the district court's summary judgment in favor of the United States ("the Government") in this Federal Tort Claims Act ("FTCA") case. *See* 28 U.S.C. §§ 1346(b) & 2674. For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10487

## I. Facts & Procedural History

In March 2018, Sterling, a United States military veteran appearing *pro se*, brought a medical negligence suit under the FTCA for injuries that he allegedly suffered during surgery at the Veterans Affairs North Texas Healthcare System in Dallas ("VA"). His complaint alleged that he sustained injuries in December 2014 during a robotic assisted surgical procedure that he underwent to have a cancerous mass on his kidney removed. According to Sterling, after the procedure, he began suffering from intense pain, weakness, tremors, numbness, fatigue, chronic cough, and permanent nerve damage. He stated in his complaint that, prior to the procedure that left him "crippled" and "100% disabled," he "was a healthy adult male with the only medical condition known to him [being] the diagnosed left kidney cancer." For his alleged injuries, Sterling sought compensatory, punitive, exemplary, and treble damages, and costs.

In June 2018, the Government filed its answer denying the allegations set forth in Sterling's complaint. The district court set the parties' discovery deadline for December 31, 2019. Sterling served discovery requests and the Government responded with documents over the next few months. In February 2019, Sterling filed to designate Peggy Martin as an expert. Then in May 2019, over a year after filing his original complaint, Sterling hired counsel. In July 2019, the district court extended the expert designation deadline to December 19, 2019, and the discovery deadline was extended to March 30, 2020.

On February 28, 2020, the Government moved for summary judgment on all of Sterling's claims. Sterling's response to the summary judgment motion was due on March 20, 2020, but no response was filed. While the summary judgment motion was pending, the parties informally

discussed extending the response deadline to May 1, 2020,[1] but Sterling never filed a motion for an extension with the district court.

The district granted the Government's summary judgment motion on March 31, 2020. It explained in its order that "[b]ecause the government has pointed to the absence of evidence to support Sterling's claims and he has not produced evidence in response to the motion, the government is entitled to summary judgment dismissing Sterling's action with prejudice." In its memorandum opinion and order, the district court explained that "[a]lthough [Sterling's] failure to respond does not permit the court to enter a 'default' summary judgment, '[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence[.]'" (internal citations omitted). The district court further reasoned that under Rule 56(e), it was permitted to accept the Government's statement of facts as undisputed since Sterling did not contest them by responding to the motion. On this basis, summary judgment was appropriate since the motion and supporting materials— including the facts considered undisputed—showed that the Government was entitled to the relief it sought.

On April 1, 2020, twelve days after his response was due, and the day after the district court granted summary judgment in favor of the Government, Sterling moved to reinstate the case. About a week later, he also moved for an extension to file a response to the summary judgment motion and to designate an expert witness. The Government opposed the motions and objected to the expert witness designation. The district court treated Sterling's motion to reinstate as a Rule 59(e) motion to alter or amend the

---

[1] The parties appear to agree that the intended date was May 1, 2020 although an email between them mistakenly stated April 1, 2020.

judgment and denied it. *See* Fed. R. Civ. P. 59(e). It then denied as moot Sterling's motion for an extension of time to respond to the Government's summary judgment motion as well as the Government's objection to Sterling's expert witness designation.

In its 22-page memorandum opinion and order, the district court again explained that it did not grant a "default" summary judgment but instead had granted the Government's motion based on the absence of evidence to support Sterling's claims and his failure to present evidence that created a genuine issue of material fact. The court clarified that, even if Sterling had timely responded to the motion, it would have nevertheless granted summary judgment for the Government because Sterling failed to properly designate expert witnesses who would have provided expert testimony to support his claims. With respect to Sterling's attempts to designate expert witnesses, the district court noted that he failed to provide the required Rule 26 disclosures for both his retained and non-retained experts. *See* Fed. R. Civ. P. 26(a)(2)(B), (C). The district court further concluded that Sterling's failure to provide the requisite Rule 26 disclosures was neither substantially justified nor harmless. The district court determined that, although the discovery period had not yet closed when it granted the Government's summary judgment motion, the deadline to designate experts had passed, and Sterling had failed to seek an extension or other relief under Rule 56(d), so he was not entitled to relief under Rule 59(e). The district court also determined that Sterling was not entitled to Rule 59(e) relief after considering miscellaneous factors such as excusable neglect or a meritorious claim. The district court

concluded that Sterling was not entitled to relief on any asserted ground. Sterling filed this appeal.[2]

## II. Standard of Review

"We review a grant of summary judgment de novo." *Sanders v. Christwood*, 970 F.3d 558, 561 (5th Cir. 2020). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (citing Fed. R. Civ. P. 56(a)). "We generally review a decision on a motion to alter or amend judgment for abuse of discretion, although to the extent that it involves a reconsideration of a question of law, the standard of review is *de novo*." *Alexander v. Wells Fargo Bank*, 867 F.3d 593, 597 (5th Cir. 2017).

## III. Discussion

Sterling argues on appeal that the district court erred in granting summary judgment in favor of the Government and that it abused its discretion in declining to alter or amend the judgment and in denying his motion to reinstate the case. We disagree.

As an initial matter, the district court's summary judgment in favor of the Government was proper. As the district court noted, even if Sterling had filed a response to the Government's summary judgment motion, he failed to come forward with the requisite Rule 26 disclosures needed for his designated retained and unretained experts. Without properly designated expert witnesses who could provide expert testimony to support his claims, Sterling could not rebut the Government's summary judgment motion. *See Hannah v. United States*, 523 F.3d 597, 602 (5th Cir. 2008) ("Because the

---

[2] Sterling appeals the district court's summary judgment in favor of the Government and its subsequent judgment denying Sterling's motion to reinstate the case.

mode of treatment for [the infection] is not a matter of common knowledge or within the general experience of a layman, [the plaintiff] was required to present expert testimony to establish the applicable standard of care and to show how the care he received breached that standard. He neither designated nor hired an expert to testify on his behalf, so the district court properly granted summary judgment on the FTCA claim.").

Likewise, Sterling's argument that the district court erred in granting summary judgment prior to the close of discovery is misplaced. Because he failed to properly designate his expert witnesses by the December 2019 expert designation deadline, the March 2020 discovery deadline was "immaterial" to its consideration of the Government's motion for summary judgment. *See Emery v. Medtronic, Inc.*, 793 F. App'x 293, 296 (5th Cir. Dec. 9, 2019) (per curiam) (unpublished) ("It is immaterial that the discovery period had not closed before the district court ruled on [the defendant's] motion for summary judgment. The deadline for [the plaintiff] to designate experts had passed, and [the plaintiff's] design defect claim could not survive summary judgment without expert testimony.").

The district court's denial of Sterling's motion to reinstate the case or alter or amend the judgment was also warranted. The Government did not move for summary judgment until nearly two years after Sterling filed the initial lawsuit and approximately nine months after he had retained counsel. Sterling had adequate notice to prepare and respond but failed to do so. Moreover, the district court waited an additional eleven days after Sterling's response deadline had passed before granting summary judgment for the Government. Sterling contends that his attorney failed to request an extension to respond to the Government's summary judgment motion because he was "focus[ed] on establishing [] discovery deadlines." This argument is unpersuasive. As the district court observed, Sterling's

counsel's failure "to comply with the court's scheduling order or Rule 56[3] due to counsel's carelessness with or misapprehension of . . . the applicable rules of court does not warrant Rule 59(e) or Rule 60(b)(1) relief." *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) ("In fact, a court would abuse its discretion if it were to reopen a case [under the Federal Rules] when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court.").

## IV. Conclusion

For the forgoing reasons, the district court's summary judgment in favor of the Government and its judgment denying Sterling's motion to reinstate the case are AFFIRMED.

---

[3] Federal Rule of Civil Procedure 56(d) provides an avenue for counsel to seek a continuance should it need an extension of a summary judgment response deadline.