# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10098

———————

United States Court of Appeals
Fifth Circuit

**FILED**
May 26, 2023

Lyle W. Cayce
Clerk

SHEDRICK THORNTON,

*Plaintiff—Appellant*,

*versus*

DR. MICHAEL PITTMAN; FNU DOYLE, *Court Coordinator*; FNU
BROWN, *Sheriff*; DALLAS COUNTY GOVERNMENTAL AGENCY,
*Commissioners Court*; TINA Y. CLINTON, *Judge*; CALVIN JOHNSON;
ROBERT BURNS; JESSIE ALLEN,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-605

———————————————————

Before KING, JONES, and SMITH, *Circuit Judges*.

PER CURIAM:[*]

Shedrick Thornton, Texas prisoner # 22003389, moves to proceed in
forma pauperis (IFP) on appeal following the district court's dismissal of his
42 U.S.C. § 1983 claims as frivolous and because he sought monetary relief
against immune defendants pursuant to 28 U.S.C. §§ 1915A and

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-10098

1915(e)(2)(B); the district court severed Thornton's habeas claims into a separate action. In the district court, Thornton dismissed his claims against all defendants except for Dr. Michael Pittman, Judges Tina Y. Clinton and Robert Burns, and Assistant District Attorney (ADA) Jesse Allen.

Thornton's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). Thornton does not address either the dismissal of his claims against Judge Burns or the district court's finding that ADA Allen is entitled to absolute prosecutorial immunity from suit; he has, therefore, abandoned any challenge to the dismissal of his claims against these defendants. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (holding that pro se appellant must brief arguments to preserve them); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (observing that failure to identify any error in district court's analysis is same as if appellant had not appealed).

We do not address Thornton's claim, raised for the first time on appeal, that Dr. Pittman violated his due process and Eighth Amendment rights by declaring him incompetent based upon the wrong legal standard. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008). Although he contends that the district court erred by dismissing his equal protection claim against Dr. Pittman, Thornton does not cite any factual allegations that he made in the district court showing that Dr. Pittman treated him differently from any similarly situated individuals on account of his race. *See Hines v. Quillivan*, 982 F.3d 266, 272 (5th Cir. 2020) ("To state a claim for equal protection, the plaintiff must prove that similarly situated individuals were treated differently." (internal quotation marks and citation omitted)).

No. 23-10098

Thornton does not address, and has therefore abandoned any challenge to, the dismissal of any of his other claims against Dr. Pittman. *See Yohey*, 985 F.2d at 225; *Brinkmann*, 813 F.2d at 748.

Generally, judges are absolutely immune from suits for damages; the only two exceptions are for nonjudicial actions and actions taken without jurisdiction. *Davis v. Tarrant Cnty.,* 565 F.3d 214, 221 (5th Cir. 2009). In challenging the district court's holding that Judge Clinton is entitled to absolute judicial immunity from his claims, Thornton fails to raise a nonfrivolous argument that either of these exceptions apply. *See id.* at 221-22. As he has not shown that his appeal involves a nonfrivolous issue, Thornton's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of the suit under §§ 1915A and 1915(e)(2)(B) and our dismissal of this appeal as frivolous each count as strikes under 28 U.S.C. § 1915(g). *See Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015); *Boyd v. Biggers*, 31 F.3d 279, 281, 284-85 (5th Cir. 1994). Thornton is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).