# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2023

Lyle W. Cayce
Clerk

———————————

No. 23-30109
Summary Calendar

———————————

Antoine Edwards,

*Plaintiff—Appellant*,

*versus*

Luke Rheems, *Colonel*; Nettle, *Warden*; Simon, *Colonel*; Reed, *Captain*; Tim Hooper, *Warden*; Calvart, *Major*; Department of Public Safety and Correction of Louisiana State Penitentiary,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-290

_____

Before King, Jones, and Smith, *Circuit Judges*.

Per Curiam:[*]

Antoine Edwards, Louisiana prisoner # 748056, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court concluded that Edwards's

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30109

challenge to a disciplinary conviction based on a false report from a prison officer was frivolous and failed to state a claim upon which relief could be granted. In addition, the court dismissed without prejudice Edward's additional federal claims, which included challenges to the validity of his conviction and to various unrelated incidents occurring in the prison, after concluding that they were improperly joined in a single action. *See* Fed. R. Civ. P. 18, 20(a)(2). The court declined to exercise supplemental jurisdiction over any state law claims. By moving in this court to proceed IFP, Edwards is challenging the district court's certification that any appeal would not be taken in good faith because he had not shown that he will present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 220 (5th Cir. 1997).

Before this court, Edwards chiefly argues the merits of the various claims dismissed by the district court on grounds of misjoinder. He does, however, contend that he is being deprived of his right to petition the court for grievances, presumably based on the order stating that he could raise his additional claims in separate causes of action. He has not established that he is entitled to present all of his challenges to his prison conditions and all disciplinary actions in a single civil rights action. *See Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998). He also contends that with respect to the claim the district court did address on the merits, the court was wrongly acting as a lawyer for the defendants by treating the officer who purportedly filed a false disciplinary report against him as a defendant, although Edwards did not identify him as such. To the extent that this is a challenge to the district court's decision to address one claim on the merits if Edwards did not comply with the order to amend his complaint, Edwards did raise a challenge to the disciplinary proceeding implicating that officer, and the district court properly considered it as a separate transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2)(A).

No. 23-30109

In addition, Edwards appears to be alleging that the dismissal of his action constituted a denial of due process. To the extent that this contention is raised for the first time on appeal, we decline to address the claim. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008). Even if Edwards did raise a due process argument in the district court, his conclusional assertions are insufficient to present a claim for relief. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As for the challenge to the disciplinary conviction, Edwards does not challenge the bases relied upon by the district court for dismissal, so any such argument is abandoned. *See Brinkmann*, 813 F.2d at 748. To the extent that Edwards's assertion that the district court wrongly treated the officer filing the disciplinary report as a defendant constitutes a challenge to the district court's ruling on this issue, he has not explained how this decision affected his rights.

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Edwards's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. The dismissal as frivolous of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Edwards is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).