# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-40835
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2025

Lyle W. Cayce
Clerk

Darrell Bernard Billingslea,

*Plaintiff—Appellant*,

*versus*

Peter Coffin, *Warden*; Eric Guerrero, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; Medical Staff Oliver J. Bell Unit,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-23

_____

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Darrell Bernard Billingslea, Texas prisoner # 1588458, appeals from the district court's dismissal of his pro se 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief may be granted. On appeal, Billingslea has filed an appellate brief, a motion for a new trial, a motion to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

participate in oral argument, and a motion to vacate the district court's decision. In all of these filings, Billingslea ignores the bases for his § 1983 complaint and its dismissal and instead attacks his state second-degree murder conviction on various grounds.

Although pro se briefs are afforded liberal constructions, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), even pro se litigants must brief arguments and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Billingslea's failure to address the merits of the district court's decision or identify any error in its legal analysis is "the same as if he had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008) (holding that a pro se prisoner's failure to raise arguments in his initial brief constituted waiver of those arguments).

Accordingly, Billingslea's appeal is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2. We have previously sanctioned Billingslea for filing repetitive challenges to his second-degree murder conviction. *See In re Billingslea*, No. 23-10812 (5th Cir. Sep. 28, 2023) (unpublished). Billingslea is again WARNED that any future frivolous, repetitive, or otherwise abusive filings in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988). His motions for a new trial, leave to participate in oral argument, and vacatur of the district court's decision are DENIED.